ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHOENIXCOR, INC.,

    Plaintiff,

-v-

No. 03 Civ. 7590 (LTS)(HBP)

IZZY PNINI, CMS ACQUISITION CORP., LIZZY
COTTONS, INC., SEW EUROPA, INC.,
EURO-KNIT CORP., PBP ENTERPRISES, INC.,
and FPS ACQUISITION CORP.,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/05

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Phoenixcor, Inc. ("Phoenixcor" or "Plaintiff") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in this breach of contract action. Plaintiff asserts that Defendant Izzy Pnini ("Pnini" or "Defendant") defaulted on an individual guaranty by failing to pay the obligations of non-party Knitwork Productions Corp. ("Knitwork") due and owing under a certain loan agreement and promissory note.[1]

The Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1332(a), based upon diversity of citizenship among the parties.

---

[1] Although the Second Amended Complaint, filed on June 14, 2004, asserts breach of contract claims against multiple defendants, including CMS Acquisition Corp., Lizzy Cottons, Inc., Sew Europa, Inc., Euro-Knit Corp., PBP Enterprises, Inc., and FPS Acquisition Corp., Plaintiff moves for summary judgment against Defendant Pnini only.

The Court has considered thoroughly all of the submissions related to this motion and the decision to be rendered reflects such consideration. For the following reasons, Plaintiff's motion for summary judgment against Defendant Pnini is granted.

## BACKGROUND[2]

The following material facts are undisputed. Plaintiff Phoenixcor, Inc. is a wholly owned subsidiary of General Electric Capital Corporation ("GECC"), which maintains operative control over Phoenixcor and services its accounts. (Affidavit of Joyce Kristoff ("Kristoff Aff."), ¶ 2.) On February 9, 1999, Phoenixcor and Knitwork entered into a Master Loan and Security Agreement ("Loan Agreement") whereby Plaintiff agreed to provide future financing to Knitwork for the purchase of certain commercial equipment. (Plaintiff's Local Rule 56.1 Statement ("PR 56.1") ¶ 1; Kristoff Aff. ¶7.) That same day, Knitwork executed a Promissory Note ("Note") in favor of Phoenixcor, pursuant to which Phoenixcor loaned Knitwork $450,000.

---

[2] The following summary is drawn from Plaintiff's statement of undisputed material facts pursuant to Local Civil Rule 56.1 and affidavits submitted by Plaintiff in connection with this motion. Defendant admitted certain of the statements in Plaintiff's Rule 56.1 submission, denied certain statements without proffering any evidence in support of his position, and purported to deny knowledge "sufficient to admit or deny the allegations of" certain paragraphs of Plaintiff's submission. Because Defendant has neither proffered admissible evidence controverting Plaintiff's evidentiary submissions nor made any application pursuant to Rule 56(f), the material facts outlined as "Background" are taken as undisputed. See Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, . . . the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."); S.D.N.Y. Local Civil Rule 56.1(c) ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.")

(PR 56.1 ¶ 2; Kristoff Aff. ¶ 8.) Also on or about February 9, 1999, Defendant Pnini executed and delivered an individual guaranty ("Guaranty") on the Loan Agreement and the Note, in which he "absolutely and unconditionally guaranteed" payment of all debts, obligations and liabilities of Knitwork due under the Loan Agreement and the Note.[3] (PR 56.1 ¶ 3; Kristoff Aff. ¶ 9.) In accordance with the terms of the Guaranty, Mr. Pnini further guaranteed payment of all losses, costs, attorneys' fees and expenses incurred by Phoenixcor as a result of Knitwork's breach of the Loan Agreement, or Mr. Pnini's breach of the Guaranty. (Kristoff Aff. ¶ 10; PR 56.1 ¶ 4.) Although Defendant Pnini admits that he signed and delivered his absolute and unconditional guaranty to Phoenixcor, Mr. Pnini nevertheless denies, without any evidentiary proffer in support of the assertion, that he agreed to pay for costs, attorneys' fees and expenses as required under the terms of the Guaranty.[4] (DR 56.1 ¶¶ 3,4.)

On October 30, 2002, both the Loan Agreement and the Note were modified such

---

[3] The Guaranty, in pertinent part, provides: "Guarantor [Pnini] guarantees to Phoenixcor the prompt payment and/or performance of all indebtedness, obligations and liabilities of Obligor [Knitwork] at any time owing to Phoenixcor . . . . Guarantor shall be deemed to be primarily liable on any agreement, document or instrument evidencing any Obligation and will for all purposes be deemed to be a party to any such writing whether or not the undersigned has specifically executed or endorsed such writing. The obligations of Guarantor hereunder are absolute and unconditional . . . ." (Individual Guaranty, dated February 9, 1999, and executed by Izzy Pnini, Kristoff Aff., Ex. C.) Defendant admits to signing and consenting to the terms and conditions of the Guaranty. (Defendant's Rule 56.1 Statement ("DR 56.1"), ¶ 3.)

[4] Paragraph 4 of the Guaranty provides: "If Obligor defaults in the payment or performance of any Obligation . . . then the obligations of Guarantor hereunder shall . . . become immediately due and payable . . . . Guarantor shall be liable . . . for all attorneys' fees and other costs and expenses incurred by Phoenixcor in connection with Phoenixcor's enforcement of this Guaranty, together with interest." (Guaranty, Kristoff Aff., Ex. C.)

that Knitwork agreed to make payments of eight monthly installments of $12,048.09 (totaling $96,384.72) to Phoenixcor commencing on January 29, 2003. (PR 56.1 ¶ 5; Kristoff Aff. ¶¶ 11-13.) Knitwork failed to make the first payment due under the modified agreement and each payment due thereafter. (PR 56.1 ¶ 6; Kristoff Aff. ¶ 12.) Phoenixcor subsequently sold the equipment to Knitwork for $15,000, leaving an unpaid balance (including $194.63 in late charges) of $81,579.35. Plaintiff seeks to recover this sum, together with $34,064.00 in costs, expenses and attorneys' fees, for a total of $116,183.35. (Kristoff Aff. ¶ 13.) Notwithstanding its demand for payment of Knitwork's obligations, Mr. Pnini has failed and/or refused to pay the amounts justly due and owing to Phoenixcor pursuant to the terms of the Guaranty. (PR 56.1 ¶ 10; Kristoff Aff. ¶ 14.)[5]

## DISCUSSION

Summary judgment shall be granted in favor of a moving party where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Id. at 256. If the moving party satisfied its burden, the nonmoving party then must meet a burden of coming

---

[5] Although Defendant denies Plaintiff's allegation of non-payment and breach of the Guaranty, he fails to offer any evidentiary support for his assertions. (DR 56.1 ¶¶ 10,11.)

forward with "specific evidence showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In deciding a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." Am. Cas. Co. of Reading, Pennsylvania v. Nordic Leasing, Inc., 42 F.3d 725, 728 (2d Cir. 1994). The nonmovant, however, cannot create a genuine issue of fact through "conclusory allegations, conjecture and speculation." Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998).

*Breach of Contract Claim*

To succeed on a claim for a breach of contract under New York law, a plaintiff must prove (1) the existence of a contract; (2) its own performance of the contract; (3) breach of the contract by the defendant; and (4) damages. See Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994). In the instant case, Plaintiff's evidence is sufficient to establish all elements of its breach of contract claim. Mr. Pnini entered into the Guaranty with Phoenixcor, and Phoenixcor has performed its obligations thereunder. (PR 56.1 ¶ 3; DR 56.1 ¶ 3; Kristoff Aff. ¶ 16.) Knitwork defaulted on its obligations under the Loan Agreement. Phoenixcor then demanded payment from Mr. Pnini of Knitwork's outstanding obligations pursuant to the terms of the Guaranty, but Mr. Pnini failed to comply with this demand. (Kristoff Aff. ¶ 14.) Mr. Pnini breached the terms of the Guaranty and, as a result, Plaintiff suffered damages in the amount of $116,183.35. (Id. ¶ 13.) Mr. Pnini has not proffered any competent evidence to dispute the existence of a valid contract or to raise genuine issues of material fact as to his liability thereunder for the amounts sought by Plaintiff. The Court, therefore, finds that Defendant has breached the parties' contract, and that Phoenixcor is entitled as a matter of law to recover its

damages pursuant to the modified Loan Agreement and the Guaranty.

Defendant's principal argument against summary judgment is that the affidavit of Joyce Kristoff, a GECC employee, provided in support of the instant motion, raises a genuine issue of material fact as to Phoenixcor's standing to bring this suit. (Affidavit of Izzy Pnini ("Pnini Aff.") ¶¶ 7, 8.) Defendant's argument is frivolous.

Kristoff's affidavit, which is made on personal knowledge as required by Rule 56(e) and accompanied by documentary evidence, proffers undisputed evidence that, as explained above, establishes Phoenixcor's right to relief. The fact that she is a GECC employee is irrelevant, under these circumstances, to Phoenixcor's standing as a party plaintiff.

Defendant also argues that Plaintiff's failure to include the loan modification agreement as an exhibit to the Complaint and to produce the document as part of its Rule 26(a)(1) disclosures precludes reliance on that document to establish Phoenixcor's right to recover damages. Rule 8 of the Federal Rules of Civil Procedure does not require that all relevant documentation be appended to a pleading; accordingly, the failure to annex the agreement to the Complaint is no barrier to consideration of the agreement in connection with the instant motion practice. Rule 37(c)(1) of the Federal Rules of Civil Procedure does authorize such preclusion where the failure to produce under Rule 26(a) is not "harmless" and is without justification. Here, the document in question is a loan modification agreement apparently bearing Defendant Pnini's signature as an officer of the signatory company. Pnini has neither proffered evidence calling into question the genuineness of the document nor asserted that he lacked prior knowledge of the existence of the document. Accordingly, the Court finds that the failure to produce the document was harmless and that no sanction is warranted.

*Damages and Attorneys' Fees*

Defendant contends that the discrepancy between the amount of unpaid installments alleged in the Second Amended Complaint ($91,868.88), and the amount sought in Plaintiff's Rule 56.1 Statement and Ms. Kristoff's affidavit ($96,384.72), raises a genuine issue of material fact precluding summary judgment. The Court finds that Plaintiff has proffered sufficient evidence to satisfy its burden of demonstrating that it has suffered damages in the claimed amounts and that Pnini has failed to tender evidence sufficient to frame a genuine issue of material fact in this regard.

Finally, Defendant complains that Plaintiff's affidavit in support of its attorneys' fee claim is insufficiently detailed and that some of the fees incurred related to pleadings that were dismissed because Plaintiff asserted the claim on behalf of the corporate parent rather than directly by Phoenixcor. The relevant provision of the Guaranty obligates Pnini to pay "all attorneys' fees and other costs and expenses incurred by Phoenixcor in connection with Phoenixcor's enforcement of this Guaranty." Plaintiff's evidence is sufficient to support its assertion that all of the claimed attorneys' fees and costs were actually incurred, and that they were incurred in connection with enforcement of the Guaranty. (See Affidavit of Michael Tsang as to Plaintiff's Attorney Fees.) Needless to say, none of the fees would have been incurred had Pnini complied with his contractual obligations in the first instance. Pnini has failed to raise any genuine issue of fact relating to Plaintiff's entitlement to the claimed fees and expenses. Plaintiff is entitled to judgment in its favor as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted in its entirety. In light of the disposition of the instant motion, the Final Pretrial Conference scheduled for September 9, 2005, is cancelled.

Plaintiff shall file with the Court and serve on all parties, within ten days from the date hereof, a statement as to whether it intends to pursue further its claims against the other named defendants in this action. If no such statement is timely filed, those claims will be dismissed without prejudice and without further advance notice to the parties.

SO ORDERED.

Dated: New York, New York
August 25, 2005

LAURA TAYLOR SWAIN
United States District Judge